## Hedderick v. Hedderick

*S. Y. Rossiter* and *Louis R. Benacci*, for libellant.

LAUB, J., April 12, 1946.—In this divorce action the libel alleged mental incompetency on the part of respondent wife. The matter is before us upon a master's recommendation that the divorce be granted on the grounds of cruel and barbarous treatment, indignities to the person and desertion.

At a special hearing which we ordered January 10, 1946, respondent's hopeless insanity was proved by expert testimony beyond a reasonable doubt, and the cost of maintaining respondent in Warren State Hospital for the Insane was established at $8 a week. Libellant at this hearing stipulated his willingness to have the court enter a decree for alimony for the support of respondent.

Section 45 of The Divorce Law of May 2, 1929, P. L. 1237, empowers us to enter a decree for alimony under these circumstances. We are also empowered to require bond conditioned upon faithful compliance with our order.

The cost of maintaining a patient in a mental hospital operated by the State fluctuates according to operating costs and the number of inmates. Thus, although the current rate is $8 a week, it may be $9 at the next quarter or it may be reduced to $6 or $7. Under the circumstances, since the act contemplates the function of alimony to be that of support, our order must necessarily be flexible enough to cover the legislative intent. The order which we herein enter is to be construed in this light and as an accommodation to the peculiar circumstances attendant hereon.

And now, April 12, 1946, libellant is ordered to pay the Warren State Hospital, or such other person or corporation as may from time to time have custody of Josephine T. Hedderick, the sum of $15 each week for her support, for and during the term of the natural life of the said Josephine T. Hedderick.

During the time the said Josephine T. Hedderick is in the custody of the Warren State Hospital or any other person or corporation, if the actual cost of maintenance and support of the said Josephine T. Hedderick be less than $15 each week, libellant, Arthur H. Hedderick, shall not be required to pay more than such actual cost of such maintenance and support.

Bond in the amount of $2,000, with one sufficient surety to be approved by the court, shall be posted in the premises by Arthur H. Hedderick conditioned upon his faithful compliance with this order for and during the term of the natural life of Josephine T. Hedderick.